## HYGRADE FOX CO et v BURKHOLDER

Ohio Appeals, 3rd Dist, Henry Co

No 253.  Decided July 3, 1934

H. R. Dittmer, Wapakoneta, C. J. Mills, Napoleon, for plaintiffs in error.

James Donovan, Jr., Napoleon, and Elmer Welty, Lima, for defendant in error.

## OPINION

By GUERNSEY, J.

Under the statute and rules of this court, the errors specified in the brief will be the only ones considered.

In the year 1927, the plaintiff Burkholder was a salesman engaged in his profession in and near Lima; at the time The Hygrade Silver Fox Company was engaged in the breeding and sale of silver black foxes, with its principal office and place of business located in Henry County; the defendant David Neuhauser was a stockholder in the fox company but was neither an officer nor director of the company. He was a brother in law of the plaintiff Burkholder.

The defendant Menno Neuhauser was a stockholder in and president of the fox company. The company during this year had fixed prices for the sale of its foxes, $600 per pair to dealers or $1200 per pair to the ultimate user.

At some time prior to November, 1927, plaintiff Burkholder conferred with David Neuhauser and Menno Neuhauser with reference to the sale of foxes and was advised of the prices then in effect. Burkholder thereafter interested Professors B. D. Schmunker and C. Henry Smith of Bluffton, Ohio, in the proposed exchange of real estate in the City of Lima, Ohio, owned by Smith, and real estate in the State of Michigan owned by Schmunker, for five pair of foxes, the lands together being valued, for the purpose of such transaction, at $6000, and the five pair of foxes being valued at the same amount for the same purpose. That Burkholder secured the approval of the defendants to the transactions, and thereafter The Hygrade Silver Fox Company, which was the owner of the foxes, delivered the five pair of foxes to Smith and Schmunker and Smith and Schmunker in turn made deeds for the respective properties owned by them, to The Hygrade Silver Fox Company. That plaintiff then took the deeds with him to be recorded and afterward moved into and occupied one of the apartments in the apartment building on the Lima real estate and made certain improvements on said building at an expense of $436.85 which was paid by him.

There is a dispute between the plaintiff and defendants as to the details and effect of these transactions. The testimony of the plaintiff himself tended to show that he acquired the foxes at a price of $600 per paid from The Hygrade Silver Fox Company and caused Schmunker and Smith to make the deeds for the property direct to The Hygrade Silver Fox Company as security for his indebtedness to said company in the sum of $3000 for the purchase price of the foxes, and that on the sale of said property he was to receive out of the proceeds thereof all amounts in excess of his said indebtedness, but the oral testimony of the plaintiff in this respect is contradicted in a letter addressed by him to Menno Neuhauser under date of January 20, 1928, after the transaction was closed, in which he asked for commission on proposed sale of the property, which is entirely inconsistent with his claim of ownership, and no testimony was offered tending to explain this letter or to reconcile the statements contained therein, with his oral testimony.

There is no testimony tending to prove that the expenditure of $436.85 made by the plaintiff in improving the property after the deeds were delivered, was made at the request or under the authorization of any of the defendants.

The testimony offered on behalf of the plaintiff fails to show that the defendants Menno Neuhauser and David Neuhauser acted in any other capacity than as agents of The Hygrade Silver Fox Company, a corporation, in connection with the sale of the foxes. The testimony of the plaintiff himself, relating to this matter, appears at page 59 of the bill of exceptions and is as follows:

"Q. You knew you had your dealing with The Hygrade Silver Fox Company?

A. No sir, Menno said he was representing The Hygrade and whatever he did was alright.

Q. It was The Hygrade Fox Company then you was dealing with?

A. No sir, Neuhauser boys I was dealing with.

Q. But they were representing the Hygrade?

A. That is what they told me.

Q. And you knew that, didn't you?

A. That is what they told me."

The testimony offered by the defendants on the subjects above mentioned, tended to show that the exchange was made direct between The Hygrade Silver Fox Company and Smith and Schmunker, and that the relation of vendor and vendee did not exist between said company and Burkholder; that the defendants David Neuhauser and Menno Neuhauser acted as agents for the fox company in arranging for the sale of the foxes and that neither of them had any contractual relations with the plaintiff except in the capacity mentioned; and that no arrangement to pay plaintiff for his services, was made until after the deeds and foxes had been delivered and the arrangement that was then made was to the effect that the plaintiff, in case he sold the real estate conveyed by Schmunker and Smith to the fox company within ten days after such date, should have all that part of the proceeds thereof in excess of $3000.

The evidence further shows that Burkholder made some effort to sell the property and also made some effort to mortgage the same but without success, and that the matter drifted along until about December 17, 1928, when the fox company for a consideration of $1250, conveyed the Lima real estate to the defendant David Neuhauser.

David Neuhauser on the following day conveyed the real estate to Ira M. Petersime.

Sometime prior to December 17, 1928, Neuhauser Brothers, a partnership composed of Menno, David and Ezra Neuhauser, and engaged in the hatchery business with offices at Napoleon, opened negotiations with the said Petersime, a manufacturer of incubators, and acquired through trade some incubators for use in the partnership business, and on the 18th day of December, 1928, the partnership of Neuhauser Brothers closed a deal with Petersime whereby the Lima real estate was transferred by David Neuhauser, and certain Detroit real estate and some incubators owned by Neuhauser Brothers were transferred to Peterisme in exchange for seven Petersime incubators. No money changed hands in this transaction, but Petersime testified that in the trade proposition it was estimated that the Lima property would be considered at $6500, and that the $6500 paid for the property in the deal represented his interest in the incubators, and that in a trade he did not consider the cash price, and that at the time the transaction was made he was giving a discount on a basis of five per cent for cash.

The only other evidence with reference to the value of the Lima property, is a statement contained in a letter from plaintiff to Menno Neuhauser, under date of January 20, 1928, which is defendant's Exhibit 1, to the effect that the property was then worth about $4500, and the testimony of David Neuhauser and other witnesses on behalf of the defendants that the property at the time of its purchase by David Neuhauser was worth $1250.

There was no testimony offered on behalf of any of the parties of persons not parties to the action who were familiar with the value of real estate in Lima in the vicinity in which the property is located, of the market value of the Lima real estate at the time the sale was made by the Fox Company to David Neuhauser.

The petition of the plaintiff in this case is based solely on an alleged contract between plaintiff and the defendants. There is no allegation of any fraud on the part of any of the defendants or of any facts upon which any of the defendants would in equity be required to account to the plaintiff for the proceeds of said property in excess of said sum of $3000. Under the petition as drafted, plaintiff would be entitled to recover against any of the defendants only in the event that the amount realized by them from the sale of said property actually exceeded $3000, and then only for the excess over said amount, and against the defendants David Neuhauser and Menno Neuhauser only in the event said David Neuhauser and Menno Neuhauser were parties to the contract under which plaintiff claimed to have acquired the foxes.

As shown by plaintiff's own evidence, the defendants Menno and David Neuhauser disclosed to plaintiff that they were representing the fox company in the transaction relating to the sale of the foxes, and there is nothing in the evidence indicating that either of these defendants acted in any other than a representative capacity as agents for the defendant corporation in the transaction.

In **10 Ohio Jurisprudence at page 787**, it is stated that:—

"Officers and agents of corporations are not liable for corporate acts and debts by reason of their official relation to the corporation; they are merely agents of the corporation, and on principle should no more be held liable therefor than any other agent should be held liable for the acts and debts of his principal. In fact, it is not disputed that officers and agents of corporations are protected from private liability while acting within the scope of the corporate powers."

Applying this rule to the petition as framed, and the evidence adduced in support thereof, it is clear that the verdict and judgment against the defendants Menno Neuhauser and David Neuhauser was erroneous.

However, there is some evidence tending to prove that the defendant David Neuhauser acquired the real estate from the fox company with notice that the fox company held the same as security for the payment of the debt of the plaintiff to the fox company and that he received from the sale thereof a consideration the value of which was in excess of the amount of said debt. If the defendant David Neuhauser acquired the property with notice as above mentioned and the market value of the consideration received by him on the sale of the property was in excess of the amount for which it was held as security, he would, provided plaintiff's contention as to his contract with the fox company is correct, be liable to account to plaintiff for the difference between the amount for which the property was held as security and the market value of the consideration received by him from the sale of the property.

As there is no evidence tending to show

that the defendant Menno Neuhauser was a party to the contract with plaintiff, and no evidence tending to show any liability on his part to the plaintiff to account for any portion of the consideration received from the sale of the property by his brother David Neuhauser, the judgment against him should be reversed as being contrary to law, and final judgment entered in his favor. And for the reasons above mentioned, the judgment against David Neuhauser should be reversed but final judgment in his favor should not be entered, so that plaintiff may be afforded an opportunity to litigate any claim he may have against him on account of the transaction.

As neither of the Neuhausers were parties to the contract between the plaintiff and the fox company, the fox company is not liable to plaintiff for the difference between the amount for which the real estate was held as security and the amount realized by David Neuhauser from the sale of such real estate, but is only liable to the plaintiff for the difference between the amount for which said property was held as security and the amount it realized on the sale of said property. The amount it realized on the sale of said property, as shown by the undisputed evidence, was $1250 which is much less than the amount for which the plaintiff claimed said real estate was held by the fox company as security, and consequently on the petition and the evidence in this case, the plaintiff is not entitled to recover any amount from the fox company, and the judgment against the fox company should be reversed.

The oral evidence of the plaintiff with reference to his contract with the defendant fox company is directly contradicted by his letter of January 20, 1928, which was offered in evidence, and taking this fact into consideration together with the other evidence in the case as to the terms of the contract, the verdict and judgment are against the weight of the evidence on this issue.

The verdict and judgment are also against the weight of the evidence on the issue of the value of the consideration received by David Neuhauser on the sale of the property to Petersime, the evidence of the plaintiff on this issue being based on trade value as distinguished from market value and plaintiff's opinion as to the value of the property about eleven months preceding the date of sale, which evidence is opposed by the evidence of the Neuhausers to the effect that the value did not exceed $1250.

As this case may be retried, we deem it advisable, although this error is not specified in the briefs, to call attention to the fact that the court in his charge failed to define the issues in the case, as required by §11447, GC. B. & O. R. R. Co. v Lockwood, 72 Oh St 586. 109 Oh St 125. 120 Oh St 400. 122 Oh St 560.

Holding these views, the judgment as to all the defendants will be reversed and final judgment will be entered for the defendant Menno Neuhauser, at costs of defendant in error and the cause will be remanded for further proceedings according to law.

CROW, PJ, and KLINGER, J, concur.